UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JUAN ABREGO GARCIA, a/k/a JUAN GARCIA, | § § |
| Plaintiff/Petitioner, | § § |
| v. | § Civil Action No.: B-1:14-cv-00159 § |
| JEH C. JOHNSON, Secretary of the Department of Homeland Security; JOHN F. KERRY, Secretary of State; DAVID LAKEY, Texas Department of State Health Services; and THE UNITED STATES OF AMERICA, | § § § § § § § |
| Defendants/Respondents. | § |

**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND (6)**

# TABLE OF CONTENTS

TABLE OF CONTENTS -- i

TABLE OF AUTHORITIES -- ii

INTRODUCTION AND SUMMARY OF THE ARGUMENT -- 1

STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT -- 3

STATEMENT OF THE NATURE OF THE STAGE OF THE PROCEEDING -- 4

STANDARD OF REVIEW -- 4

    A.    Fed. R. Civ. P. 12(b)(1) -- 4

    B.    Fed. R. Civ. P. 12(b)(6) -- 5

ARGUMENT -- 5

    I.    THE COURT SHOULD DISMISS THE FEDERAL DEFENDANTS BECAUSE THERE HAS BEEN NO DENIAL OF ANY RIGHT OR PRIVILEGE BY A UNITED STATES DEPARTMENT, AGENCY, OR OFFICER, AND THE SECOND CAUSE OF ACTION MUST BE DISMISSED FOR LACKING AN ACTIONABLE BASIS -- 5

        A.    The Court Should Dismiss The Federal Defendants – 5

        B.    Any Determinations By The State Of Texas Are Separate And Distinct And Do Not Form A Basis For An 8 U.S.C. § 1503(a) Cause of Action – 7

        C.    The Second Cause Of Action Must Be Dismissed For Lack Of A Jurisdictional Basis -- 8

    II.    THE COURT LACKS JURISDICTION OVER PLAINTIFF'S HABEAS CORPUS CLAIM -- 9

CONCLUSION – 11

CERTIFICATE OF SERVICE -- 12

## TABLE OF AUTHORITIES

## FEDERAL CASES

*Anderson v. United States*, 229 F.2d 675 (5th Cir. 1956) ............................................... 6, 9

*In re Apex Oil Co.*, 884 F.2d 343 (8th Cir. 1989) ............................................................. 3

*Ardestani v. INS*, 502 U.S. 129 (1991) ............................................................................. 1

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ........................................................................ 5

*Avina v. Brownell*, 112 F. Supp. 15 (S.D. Tex. 1953) ..................................................... 5

*Bauhaus USA, Inc. v. Copeland*, 292 F.3d 439 (5th Cir. 2002) ....................................... 8

*Budget Prepay, Inc. v. AT&T Corp.*, 605 F.3d 273 (5th Cir. 2010) ................................. 8

*Burditt v. Geneva Capital, LLC*, 161 Fed. Appx. 384, 386 (5th Cir. Jan. 5, 2006) ............ 8

*Bustamante-Barrera v. Gonzales*, 447 F.3d 338 (5th Cir. 2006) ..................................... 7

*Carrillo-Lozano v. Stolc*, 669 F. Supp. 2d 1074 (D. Ariz. 2009), *app. dismissed*,
    478 Fed. Appx. 395 (9th Cir. 2012) .......................................................................... 10

*Castro, v. Freeman*, No. 1:09-cv-00208, Doc. 158 (S.D. Tex. April 26, 2011) ......... 10, 11

*Correia v. Dulles*, 129 F. Supp. 533 (D. R.I. 1954) ......................................................... 5

*DArgento v. Dulles*, 113 F. Supp. 933 (D.D.C. 1953) ..................................................... 5

*Doc. 10 at 6*, 2010 U.S. Dist. LEXIS 32980 (S.D. Tex. Mar. 31, 2010) .......................... 10

*Flores-Torres v. Mukasey*, 548 F.3d 708 (9th Cir. 2008) ................................................ 10

*Galvan v. Lopez*, No. 1:11-cv-25, Doc. 19 (S.D. Tex. Aug. 19, 2011) ............................ 10

*Garcia v. Kerry*, No. 5:10-cv-101, 2011 WL 2173689 (S.D. Tex. June 1, 2011),
    881 F. Supp. 2d 807 (S.D. Tex. July 17, 2012), 915 F. Supp. 831
    (S.D. Tex. 2012), *aff'd*, 557 Fed. Appx. 304 (5th Cir. 2012) .................................. 7, 8

*Garcia v. United Sates*, 666 F.2d 960 (5th Cir. 1982) ..................................................... 6

*Garza v. Clinton*, No. H-10-0049, 2010 WL 5464263 (S.D. Tex. Dec. 29, 2010) ............ 6

*Gonzalez-Gomez v. Brownell*, 114 F. Supp. 660 (S.D. Cal. 1953) ...................................5

*Hong v. Acheson*, 110 F. Supp. 60 (N.D. Cal. 1953) .........................................................6

*Jones v. Cunningham*, 371 U.S. 236 (1963) ................................................................9, 10

*Maleng v. Cook*, 490 U.S. 488 (1989).........................................................................9, 10

*Medeiros v. Clark*, 82 F. Supp. 412 (S.D. N.Y. 1948) ......................................................6

*Merlan v. Holder*, No 4:10-cv-3648, Doc. 14, 2011 WL 1376778 (S.D. Tex. April 12, 2011), *aff'd*, 667 F.3d 538 (5th Cir. 2011), *cert. denied*, 132 S.Ct. 2385 (2012).............................................................................................................................10

*Nelson v. Clinton*, No. 4:10-cv-58, Doc. 15, 2010 WL 5342822 (S.D. Tex. Dec. 21, 2010) ..........................................................................................11

*Omari v. Ashcroft*, No. 04-cv-1740, 2005 WL 475345 (D. Minn. Feb. 18, 2005) .............3

*Ortiz-Arriaga v. Castro*, No. 1:12-cv-26, Doc. 69 (S.D. Tex. May 29, 2013) ...............3, 6

*Patterson v. Weinberger*, 644 F.2d 521 (5th Cir. 1981)......................................................4

*Pierre v. United States*, 525 F.2d 933 (5th Cir. 1976).........................................................9

*Reaume v. United States*, 124 F. Supp. 851 (E.D. Mich. 1954).........................................6

*Rossello v. Marshall*, 12 F.R.D. 352 (S.D. N.Y. 1952) .....................................................6

*S.T. ex rel. Trivedi v. Napolitano*; No. H–12–285; 2012 WL 6048222, *2, n.1 (S.D. Tex. Dec. 5, 2012) ...............................................................................................6

*Samirah v. OConnell*, 335 F.3d 545 (7th Cir. 2003) ........................................................10

*Sanchez v. Clinton*, No. 4:11-cv-2084, 2013 WL 208565 (S.D. Tex. Jan. 24, 2012), 2014 WL 2932275 (S.D. Tex. June 27, 2014)................6, 7

*Savorgnan v. United States*, 171 F.2d 155 (7th Cir. 1948), *affd*, 338 U.S. 491 (1950).............................................................................................................................6

*Schioler v. United States*, 75 F. Supp. 353 (N.D. Ill. 1948), *affd*, 175 F.2d 402 (7th Cir. 1949) ...............................................................................................................6

*Skaros v. Brownell*, 162 F. Supp. 63 (W.D. N.Y. 1957) ...................................................6

*Skelly Oil v. Phillips Petroleum Co.*, 339 U.S. 667 (1950) ............................................... 8

*Smart v. Holder*, No. 09-c 2009 WL 2498213 (W.D. Tex. Aug. 12, 2009),
    *aff'd*, 368 Fed. Appx. 591 (5th Cir. 2010) ................................................................... 9

*Smith v. Booth*, 823 F.2d 94 (5th Cir. 1987) ..................................................................... 6, 9

*Spencer v. Kemma*, 523 U.S. 1 (1988) ............................................................................... 9

*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998) ................................. 4

*Tavera v. Harley-Bell*, No. 4:09-cv-299, Doc. 10, 2010 U.S. Dist. LEXIS 32980
    (S.D. Tex. Mar. 31, 2010) ........................................................................................ 11

*Trevino v. Clinton*, No. 1:07-cv-218, Doc. 240 (S.D. Tex. Feb. 19, 2010), Doc.
    183 (S.D. Tex. Nov. 6, 2009), Doc. 53 (S.D. Tex. June 17, 2009) ........................... 11

*Tung v. Carusi*, 83 F. Supp. 480 (S.D. Cal. 1947) ............................................................. 6

*Vasquez v. Brownell*, 113 F. Supp. 722 (W.D. Tex. 1953) ................................................ 5

*Villegas v. Clinton*, No. 4:10-cv-29, Doc. 17, 2010 WL 5387553
    (S.D. Tex. Dec. 20, 2010) ........................................................................................ 11

*Yin v. Frazier*, 265 F.R.D. 460 (D. Minn. 2010) ............................................................... 3

*Zalawadia v. Ashcroft*, 371 F.3d 292 (5th Cir. 2004) ........................................................ 9

## FEDERAL STATUTES

5 U.S.C. §§ 551, *et seq* ....................................................................................................... 1

5 U.S.C. § 554 .................................................................................................................... 1

5 U.S.C. §§ 701, *et seq.* ..................................................................................................... 1

5 U.S.C. § 702 .................................................................................................................... 1

8 U.S.C. § 1101(a)(33) ....................................................................................................... 3

8 U.S.C. § 1421(c) .............................................................................................................. 3

8 U.S.C. § 1503(a) ...................................................................................................... passim

28 U.S.C. § 1131 ............................................................................................... passim

28 U.S.C. § 1631 ........................................................................................................ 3

28 U.S.C. § 2241 ("habeas corpus") ........................................................................ passim

## FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. P. 8(c) ..................................................................................................... 3

Fed. R. Civ. P. 12(b)(1) .......................................................................................... passim

Fed. R. Civ. P. 12(b)(6) .......................................................................................... passim

## FEDERAL REGULATIONS

22 C.F.R. § 51.60(b)(2) ............................................................................................... 7

22 C.F.R. § 51.61 ....................................................................................................... 7

## INTRODUCTION AND SUMMARY OF THE ARGUMENT

On August 25, 2014, Juan Garcia Abrego ("Plaintiff"), who is currently serving 11 life sentences at a Federal Correction Institution in Florence, Colorado, filed a Complaint, in pertinent part, against the United States of America and the Secretaries of State and Homeland Security ("Federal Defendants"), challenging the Texas Bureau of Vital Statistics and Hearing Examiner's ("Texas BVS") decision refusing to issue Plaintiff a certified copy of his Delayed Certificate of Birth. Plaintiff's Complaint asserts that Texas BVS' decision is erroneous because he was allegedly born in Paloma, Texas, and is therefore entitled to a certified copy of his Delayed Certificate of Birth. *See* Doc. 1. Plaintiff alleges that this Court has jurisdiction over this action pursuant to: (1) 8 U.S.C. § 1503(a)[1]; (2) 28 U.S.C. § 2241 ("habeas corpus"); and (3) 28 U.S.C. §§ 1331 (federal question)[2] in conjunction with 2201 (Declaratory Judgment Act).

The Court must dismiss the Complaint against the Federal Defendants pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). As a threshold matter, the Complaint fails to assert any claim over which this Court has subject matter jurisdiction over the Federal Defendants because no federal agency named here as a party has denied Plaintiff a right or

---

[1] Because Plaintiff is in the United States, it is inferred that he is alleging a cause of action under subsection (a), and not subsections (b) or (c), as the latter two refer to instances in which an individual is outside of the United States.

[2] 28 U.S.C. § 1331 is the federal question jurisdiction statute, not the Administrative Procedure Act ("APA"), which is 5 U.S.C. §§ 551, *et seq.* and 701, *et seq. See* Doc. 1, at 1, ¶1 (referring to 28 U.S.C. § 1131 as the Administrative Procedure Act). To the extent Plaintiff asserts a cause of action under the APA, it must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6) because the Complaint does not assert Plaintiff suffered a legal wrong based on the actions of the United States or one of the named federal agencies or officers. *See* 5 U.S.C. § 702. Additionally, 5 U.S.C. §§ 551, *et seq.* is inapplicable because the case does not involve notice and comment rulemaking or the adjudicatory hearings covered by 5 U.S.C. § 554. *See generally Ardestani v. INS*, 502 U.S. 129, 137 (1991).

privilege as a United States citizen. Title Eight U.S.C. § 1503(a) provides relief for persons claiming to have been improperly denied rights or privileges as United States citizens by a "United States . . . department or independent agency or officer." Here, the Complaint alleges that Texas BVS – a state, not a federal government agency – improperly denied Plaintiff the issuance of his Texas Delayed Certificate of Birth. Thus, the Complaint fails to affirmatively plead any facts: (1) upon which this Court can exercise subject-matter jurisdiction over the Federal Defendants under 8 U.S.C. § 1503(a); and (2) stating a claim against the Federal Defendants for which relief can be granted. Accordingly, this Court must dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

Furthermore, the findings of Texas BVS, which appear to be based on its determination that Plaintiff was not born in Texas (not that he is not a United States national (which is required for an 8 U.S.C. § 1503(a) cause of action)) are separate and distinct to a determination of nationality under 8 U.S.C. § 1503(a). Additionally, because the Complaint fails to assert any claimo ver which this Court has subject-matter jurisdiction over the Federal Defendants, this Court must dismiss Plaintiff's second cause of action under 28 U.S.C. §§ 1331 and 2001, as these statutes do not provide the Court with an independent source of jurisdiction. Instead, these statutes only confer jurisdiction on the district courts in cases where jurisdiction already exists.

Moreover, this Court must also dismiss the Complaint against the Federal Defendants because this Court does not have habeas jurisdiction over this action under 28 U.S.C. § 2241. It is well-settled that non-custodial issues regarding whether an individual was denied a right or privilege on the basis of United States citizenship are not cognizable as a habeas corpus petition. Moreover, although Plaintiff is in custody, it is because he is serving a criminal sentence and his

custody is unrelated to any of the allegations based in the Complaint against the Federal Defendants.  Accordingly, the Complaint also fails to affirmatively plead any facts:  (1) upon which the Court can exercise subject matter jurisdiction over the Federal Defendants under 28 U.S.C. § 2241; and (2) stating a claim against the Federal Defendants for which relief can be granted.  Accordingly, this Court must dismiss the habeas claim pursuant to Fed. R. Civ. P. 12(b)(1) an (6). [3]

### STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT

I. Whether: (i) the Court should dismiss the Federal Defendants because there has been no denial of any right or privilege by a "United States . . . department or independent agency or official"; (ii) the findings by the State of Texas Hearing Officer are separate and distinct from

---

[3] Federal Defendants hereby inform the Court that, pursuant to Fed. R. Civ. P. 8(c), they are not waiving the additional basis for dismissal that the case must be dismissed because Plaintiff does not satisfy the jurisdictional requisite under 8 U.S.C. §§ 1101(a)(33) and 1503(a) of actually and principally residing in the Southern District of Texas. *See Ortiz-Arriaga v. Castro*, No. 1:12-cv-26, Doc. 69 (S.D. Tex. May 29, 2013).  However, that issue is not ripe because, if the case were dismissed on that ground, the subsequent determination of whether the case can nevertheless be transferred to the District of Colorado mandates a determination of the other bases of dismissal asserted herein.  In *Yin v. Frazier*, 265 F.R.D. 460 (D. Minn. 2010), that Court dealt with another statute requiring the case to be brought "before the United States district court for the district in which such person resides."  *Id.* at 463, citing 8 U.S.C. § 1421(c).  Relying on its prior decision in *Omari v. Ashcroft*, No. 04-cv-1740, 2005 WL 475345, at *2-3 (D. Minn. Feb. 18, 2005), that Court explained that, for such statutes, bringing the case "in the United States district court for the district in which [the applicant] resides" is jurisdictional.  265 F.R.D. at 463-64.  Similarly here, the structure of 8 U.S.C. § 1503(a) confers jurisdiction after delineating the requirements for such an action, and thus, the residence requirement is jurisdictional in nature.  However, when there is a lack of jurisdiction due to a residence issue, the Court in *Yin* explained that 28 U.S.C. § 1631 allows a transfer to the proper district to cure that particular jurisdictional defect *only* if the case not subject to dismissal to due to some other "*flaw*."  *Id.* at 464 (emphasis added), citing *In re Apex Oil Co.*, 884 F.2d 343, 346 (8th Cir. 1989) (explaining that 28 U.S.C. § 1631 only allows a transfer if it is "in the interest of justice, and that, had the case been originally filed in the proper court, the filing would have been timely and *jurisdictionally proper* in that court") (emphasis added).  Here, such a transfer cannot occur due to the other bases for dismissal.

any nationality determination in an 8 U.S.C. § 1503(a) cause of action; and (iii) the second cause of action must be dismissed for failure to state a claim upon which relief can be granted.

II.     Whether issues regarding denial of a right or privilege on the basis of United States citizenship are not cognizable in a habeas corpus petition.

## STATEMENT OF THE NATURE OF THE STAGE OF THE PROCEEDING

Plaintiff claims that on September 7, 1945, he was issued a birth record stating that he was born in Mexico on September 13, 1944. *See* Doc. 1-1.

Plaintiff additionally claims that on March 3, 1976, he received from the Cameron County Clerk a Delayed Certificate of Birth stating it was filed on May 18, 1965, and indicating that he was born in Texas on September 13, 1944. *See* Doc. 1-2.

Plaintiff claims that on June 30, 2004, Texas BVS refused to issue him a copy of the aforementioned Texas Delayed Certificate of Birth. *See* Doc. 1-3.

According to Plaintiff, on March 13, 2013, a Texas State Hearing Examiner denied his challenge to the June 30, 2004 decision by Texas BVS. *See* Doc. 1-4.

## STANDARD OF REVIEW

**A.     Fed. R. Civ. P. 12(b)(1)**

A claim must be dismissed if the court lacks subject matter jurisdiction to entertain it and the party invoking federal jurisdiction bears the burden of proving its existence. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103-04 (1998); *Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

B.      **Fed. R. Civ. P. 12(b)(6)**

To survive a 12(b)(6) motion, a plaintiff must frame a complaint with enough factual matter, taken as true, to suggest entitlement to relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940-41, 1949-50 (2009). "[F]actual allegations must . . . raise a right to relief above the speculative level" and complaints that are no more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.*

## ARGUMENT

I.      **THE COURT SHOULD DISMISS THE FEDERAL DEFENDANTS BECAUSE THERE HAS BEEN NO DENIAL OF ANY RIGHT OR PRIVILEGE BY A UNITED STATES DEPARTMENT, AGENCY, OR OFFICER, AND THE SECOND CAUSE OF ACTION MUST BE DISMISSED FOR LACKING AN ACTIONABLE BASIS**

A.      **The Court Should Dismiss The Federal Defendants**

An 8 U.S.C. § 1503(a) cause of action "may be maintained only as expressly provided in that section." *Correia v. Dulles*, 129 F. Supp. 533, 534 (D. R.I. 1954), citing *Avina v. Brownell*, 112 F. Supp. 15 (S.D. Tex. 1953). *See also Gonzalez-Gomez v. Brownell*, 114 F. Supp. 660 (S.D. Cal. 1953); *D'Argento v. Dulles*, 113 F. Supp. 933 (D.D.C. 1953); *Vasquez v. Brownell*, 113 F. Supp. 722 (W.D. Tex. 1953).

8 U.S.C. § 1503(a) states that:

> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege *by any department or independent agency, or official* thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 or Title 28 *against the head of such department or independent agency* for a judgment declaring him to be a national of the United States, except that no such action may be instituted in any case if the issue of such person's status as a national of the

5

> United States (1) arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding. An action under this subsection may be instituted only within five years after the final administrative denial of such right or privilege and shall be filed in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is conferred upon those courts.

(Emphasis added).[4]

A plaintiff may institute an action under 8 U.S.C. § 1503(a) only against the head of the department that denied the plaintiff's claimed right or privilege. *See S.T. ex rel. Trivedi v. Napolitano*; No. H–12–285; 2012 WL 6048222, *2, n.1 (S.D. Tex. Dec. 5, 2012); *Garza v. Clinton*, No. H–10–0049, 2010 WL 5464263, *2 (S.D. Tex. Dec. 29, 2010).

Here, the only departments or independent agencies or officials allegedly involved are those of the State of Texas (i.e., not the United States), as it was the Texas BVS that denied Plaintiff a certified copy of a Delayed Certificate of Birth. Indeed, the Complaint alleges no acts committed by the Federal Defendants at all, and only lists them at all in the paragraph listing the parties. *See* Doc. 1 at 2, ¶ 2. This is not surprising since the Federal Defendants have no control

---

[4] The United States should be dismissed as a defendant as it is not a proper party under the statute, which limits defendants to "the head of such department or independent agency." *See Ortiz-Arriaga v. Castro*, No. 1:12-cv-26, Doc. 69 (S.D. Tex. May 29, 2013); *Savorgnan v. United States*, 171 F.2d 155, 159 (7th Cir. 1948), *aff'd*, 338 U.S. 491 (1950); *Schioler v. United States*, 75 F. Supp. 353, 354 (N.D. Ill. 1948), *aff'd*, 175 F.2d 402 (7th Cir. 1949); *Skaros v. Brownell*, 162 F. Supp. 63, 64 (W.D. N.Y. 1957); *Reaume v. United States*, 124 F. Supp. 851, 854 (E.D. Mich. 1954); *Hong v. Acheson*, 110 F. Supp. 60, 62 (N.D. Cal. 1953); *Rossello v. Marshall*, 12 F.R.D. 352, 354 (S.D. N.Y. 1952); *Medeiros v. Clark*, 82 F. Supp. 412, 416 (S.D. N.Y. 1948); *Tung v. Carusi*, 83 F. Supp. 480, 481 (S.D. Cal. 1947). Moreover, the United States has not otherwise waived its sovereign immunity. *See Anderson v. United States*, 229 F.2d 675, 677 (5th Cir. 1956); *Smith v. Booth*, 823 F.2d 94, 97 (5th Cir. 1987); *Garcia v. United Sates*, 666 F.2d 960, 966 (5th Cir. 1982).

over whether Texas should issue certified copies of Delayed Certificates of Birth. *See Garcia v. Kerry*, 915 F. Supp. 831 (S.D. Tex. 2012), *aff'd*, 557 Fed. Appx. 304 (5th Cir. 2012); *Sanchez v. Clinton*, No. 4:11-cv-2084, 2012 WL 208565 (S.D. Tex. Jan. 24, 2012).[5]

Therefore, the Court should dismiss the Federal Defendants as they are not proper parties to Plaintiff's dispute with officials and agencies of the State of Texas.

**B.     Any Determinations By The State Of Texas Are Separate And Distinct And Do Not Form A Basis For An 8 U.S.C. § 1503(a) Cause of Action**

In an 8 U.S.C. § 1503(a) cause of action, "[t]he determination of whether [Plaintiff] was born in Texas [in such a cause of action] is determined by federal law; it is not dependent on the law of any particular state. Even assuming that the State of Texas determined that [Plaintiff] was born in Texas, neither the State Department *nor a federal court* would be bound to follow that decision in determining [Plaintiff's] entitlement to a United States [right or privilege]. The Full Faith and Credit Clause does not require the decision of the Texas Department of Health to be given preclusive effect in [ § 1503(a)] proceedings." *Sanchez v. Clinton*, No. 4:11-cv-2084, 2012 WL 208565 (S.D. Tex. Jan. 24, 2012), citing *Bustamante-Barrera v. Gonzales*, 447 F.3d 338, 400-01 (5th Cir. 2006) (emphasis added). Indeed, in both *Sanchez* and *Garcia*, the cases concluded with the plaintiffs having Texas Delayed Certificates of Birth considered valid by a Texas Hearing Officer, while concurrently, having Federal District Court's finding that neither established United States nationality by a preponderance of the evidence. *See Sanchez v. Clinton*, No. 4:11-cv-2084, 2013 WL 208565 (S.D. Tex. Jan. 24, 2012), 2014 WL 2932275 (S.D.

---

[5] Moreover, it appears that applying for a passport would be futile as any denial would likely not be based on whether Plaintiff is a United States citizen, but rather, the fact that he is currently serving eleven life sentences. *See* 22 C.F.R. §§ 51.60(b)(2), 51.61.

Tex. June 27, 2014); *Garcia v. Clinton*, No. 5:10-cv-101, 2011 WL 2173689 (S.D. Tex. June 1, 2011), 881 F. Supp. 2d 807 (S.D. Tex. July 17, 2012), 915 F. Supp. 2d 831 (S.D. Tex. Dec. 12, 2012), *aff'd*, 557 Fed. Appx. 304 (5th Cir. Feb. 14, 2014).

Here, to the extent there would be a disagreement between federal court information and the State of Texas regarding Plaintiff's place of birth, that is separate and distinct, and not a basis, for an 8 U.S.C. § 1503(a) cause of action. Instead, the statute explicitly explains that the triggering event must be the denial by a federal agency, department or official of some federal right or privilege. None has been alleged in the instant case. Therefore, for this reason as well, Plaintiff's Complaint must be dismissed.[6]

**C.      The Second Cause Of Action Must Be Dismissed For Lack Of A Jurisdictional Basis**

A request for declaratory relief does not provide an independent basis for jurisdiction. *See Skelly Oil v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950); *Budget Prepay, Inc. v. AT&T Corp.*, 605 F.3d 273, 278 (5th Cir. 2010) ("A declaratory judgment claim is not jurisdiction-conferring; there must be an independent basis for federal jurisdiction."); Rather, an independent source of federal jurisdiction external to the Declaratory Judgment Act is needed. *See Skelly Oil*, 339 U.S. at 671. The same is true for 28 U.S.C. § 1331. *See Burditt v. Geneva Capital, LLC*, 161 Fed. Appx. 384, 386 (5th Cir. Jan. 5, 2006) (citing *Bauhaus USA, Inc. v. Copeland*, 292 F.3d 439, 442 n.6 (5th Cir. 2002)).

---

[6] It is noteworthy that Plaintiff was not denied a copy of his birth certificate on the ground that he was not a United States national, but on the ground that he was not born in Texas. In other words, it appears the same determination would have likely been made if an alternate birth record indicated Plaintiff was born in another state. Thus, there was no right or privilege denied on the ground that Plaintiff is not a United States national, but rather, certified copies of his birth record were denied because the Hearing Officer determined that he was not a native born Texan.

8

Recently, in *Smart v. Holder*, No. 09-cv-101, 2009 WL 2498213, at *4 (W.D. Tex. Aug. 12, 2009), *aff'd*, 368 Fed. Appx. 591 (5th Cir. 2010), it was explained that a cause of action under these two sections is not cognizable because neither "operates as a waiver of sovereign immunity." *Id.*, quoting *Smith v. Booth*, 823 F.2d 94, 97 (5th Cir. 1987). *See also Anderson v. United States*, 229 F.2d 675, 677 (5th Cir. 1956).

The Court should dismiss the second cause of action under 28 U.S.C. §§ 1331 and 2201, as it is unrelated to any other cause of action or jurisdictional basis, and because no other statutory basis is provided.

## II.  THE COURT LACKS JURISDICTION OVER PLAINTIFF'S HABEAS CORPUS CLAIM

This Court lacks jurisdiction over Plaintiff's habeas claim because it is both unrelated to his current custody status and is not filed against his custodian (as he is not in Department of State or Department of Homeland Security ("DHS") custody). *See Spencer v. Kemma*, 523 U.S. 1, 7 (1988); *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004). This Court may only entertain a petition for a writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1)-(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989); *Jones v. Cunningham*, 371 U.S. 236 (1963). However, "habeas is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976).

Here, the Complaint is wholly unrelated to Plaintiff's custody status, much less is any constitutional claim alleged.

9

Nevertheless, it is true that a person may, in limited situations, make a non-custody based challenge under section 2241. *See Maleng v. Cook*, 490 U.S. at 491; *Jones v. Cunningham,* 371 U.S. 236 (1963). However, to do so, Plaintiff must demonstrate that the habeas petition is based on the current and actual restraint on his liberty. *See Maleng*, 490 U.S. at 492. The habeas petition's basis must challenge the constraint to the Plaintiff's that is "not shared by the public generally." *Jones*, 371 U.S. at 240. Here, Plaintiff does not allege that his inability to possess a certified copy of his Texas Delayed Birth Certificate affects his daily life, employment, choice of where to live, with whom they can associate, or even domestic travel. Any alleged restrictions based on the lack of the abovementioned documents are the same as every person who lacks such a Texas issued document. Of course, Plaintiff's restrictions are due to an entirely separate reason – his criminal imprisonment. These restrictions do not rise to custody within the meaning of section 2241 because they are not a constraint "not shared by the public generally." *Jones*, 371 U.S. at 240.

There are also no decisions outside of the Ninth Circuit[7] upholding a claim for habeas relief in the context of a citizenship claim. To the contrary, the Firth Circuit and District Court for the Southern District of Texas have repeatedly rejected such habeas claims.[8]

---

[7] Although not binding, *Flores-Torres v. Mukasey*, 548 F.3d 708, 711-12 (9th Cir. 2008) held that a non-frivolous challenge to immigration detention *"prior"* to the issuance of a removal order based on a claim of U.S. citizenship may be brought in a habeas petition. However, no such petition may be filed after a removal order is issued. The limitations of this decision were addressed in *Carrillo-Lozano v. Stolc*, 669 F. Supp. 2d 1074, 1078 (D. Ariz. 2009), *app. dismissed*, 478 Fed. Appx. 395 (9th Cir. 2012).

[8] *See Merlan v. Holder*, No 4:10-cv-3648, Doc. 14, 2011 WL 1376778 (S.D. Tex. April 12, 2011) (Atlas, J.), *aff'd*, 667 F.3d 538 (5th Cir. 2011), *cert. denied*, 132 S.Ct. 2385 (2012); *Galvan v. Lopez*, No. 1:11-cv-25, Doc. 19 at 5-7 (S.D. Tex. Aug. 19, 2011) (Tagle, J.); *Castro, v.*

Here, Plaintiff cannot show that the Federal Defendants restricted his liberty so significantly as to constitute custody.  Additionally, as the courts of this district have recognized, Plaintiff is unable to identify any fundamental right such that limitations on it constitutes a restriction on liberty that is tantamount to "custody."  Plaintiff has pleaded, at best, nothing more than the hypothetical prospect of not being able to travel freely internationally following his 11 life sentences.  Accordingly, this Court should dismiss Plaintiff's habeas claim.

## CONCLUSION

The Court should dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

Date:   December 19, 2014               Respectfully submitted,

                                        KENNETH MAGIDSON
                                        United States Attorney, Southern District of Texas

By:   *s/ Elianis N. Pérez*                 By:   *s/ Adam Laurence Goldman*
Elianis N. Pérez                        Adam Laurence Goldman
Senior Litigation Counsel               Assistant United States Attorney
Attorney-in-Charge                      Attorney-in-Charge
S.D. Tex. ID No.:  997678               S.D. Tex. ID No.: 1034195
State Bar No.:  PA94061                 State Bar Nos.:  NY3038023/DC476521
United States Department of Justice     1000 Louisiana Street, 27th Floor
Civil Division                          Houston, Texas 77002
Office of Immigration Litigation        Tel.: (713) 567-9534; FAX: (713) 718-3303
District Court Section                  E-mail:  Adam.Goldman2@usdoj.gov
450 Fifth Street, N.W., Sixth Floor     *Counsel for Defendants/Respondents*
Washington, DC 20001
Tel.: (202) 616-9124; FAX: (202) 305-7000
Email:  elianis.perez@usdoj.gov
*Counsel for Defendants/Respondents*

---

*Freeman*, No. 1:09-cv-00208, Doc. 158 at 10-14 (S.D. Tex. April 26, 2011) (Tagle, J.), citing *Samirah v. O'Connell*, 335 F.3d 545, 550 (7th Cir. 2003); *Nelson v. Clinton*, No. 4:10-cv-58, Doc. 15 at 10, 2010 WL 5342822 (S.D. Tex. Dec. 21, 2010) (Atlas, J.); *Villegas v. Clinton*, No. 4:10-cv-29, Doc. 17 at 10, 2010 WL 5387553 (S.D. Tex. Dec. 20, 2010) (Atlas, J.); *Tavera v. Harley-Bell*, No. 4:09-cv-299, Doc. 10 at 6, 2010 U.S. Dist. LEXIS 32980 (S.D. Tex. Mar. 31, 2010) (Ellison, J.); *Trevino v. Clinton*, No. 1:07-cv-218, Doc. 240 at 6 (S.D. Tex. Feb. 19, 2010), Doc. 183 (S.D. Tex. Nov. 6, 2009), Doc. 53 at 17-19 (S.D. Tex. June 17, 2009) (Tagle, J.).

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 19th day of December, 2014, I electronically filed this document with the Clerk of Court using CM/ECF, to which opposing counsel is a member:

Fred Kowalski
Law Office of Fred Kowalski
902 East Madison Street
Brownsville, Texas 78520
Tel.: 956-544-1811; FAX: 956-504-3891
Email: kowalskilaw@yahoo.com    *s/ Adam Laurence Goldman*
                  Adam Laurence Goldman
                  Assistant United States Attorney