IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUL 2 2 2015

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| JUAN GARCIA ABREGO a/k/a Juan Garcia,<br>*Plaintiff,* | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. B-14-159 |
| JEH JOHNSON, et al.,<br>*Defendants.* | §<br>§<br>§ | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, Juan Garcia Abrego, (hereinafter "Petitioner") files this cause of action as a Petition for Writ of Habeas Corpus against Jeh Johnson, Secretary of the Department of Homeland Security, John Kerry, the United States Secretary of State, the United States, and David L. Lakey, Commissioner of the Texas Department of State Health Services (hereinafter "TDSHS"). Petitioner seeks a judgment declaring him a citizen of the United States.

I.    **Background**

Petitioner is currently serving eleven life sentences and multiple twenty-year sentences in federal prison for multiple counts of money laundering, aiding and abetting the possession with intent to distribute cocaine, transporting funds to places outside of the United States, and continuing criminal enterprise. *See Judgment Cause No. 4:93CR00167-008.* Petitioner admits in his Amended Petition that he was born "on September 13, 1944 in El Rancho, La Puerta, Matamoros, Mexico." [Doc. No. 15 at 1]. In 1965, Petitioner filed a Texas Delayed Birth Certificate, claiming that he was born in La Paloma, Cameron County, Texas. [Doc. No. 15 Ex.

2]. In 1993, Texas attached an addendum to Petitioner's filing indicating that Petitioner's Texas Delayed Birth Certificate was inaccurate. At an administrative hearing held in 2013, the TDSHS found that the Texas Delayed Birth Certificate filed by Petitioner was false and it upheld the State Registrar's Office decision to not issue certified copies. [Doc. No. 15 at 3]. Before he stood trial on the charges for which he is currently incarcerated, the United States requested that Petitioner be extradited from Mexico. The United States' request was granted, and the Government of Mexico extradited Petitioner to the United States to stand trial. In one of the extradition-related documents, the United States Government referred to Petitioner as a citizen of the United States because he was born in Texas.

Petitioner brings this action for a declaratory judgment, seeking a declaration that he is a United States citizen. Petitioner claims that Texas' position is that he is a citizen of Mexico while, according to Petitioner, the United States' position is that he is a citizen of the United States. Petitioner requests that this Court declare him to be a United States citizen.


## II.    Applicable Legal Standards

Petitioner filed his complaint in the form of a petition for habeas corpus. [Doc. No. 15]. Both the Texas and federal defendants responded with Motions to Dismiss. [Doc. Nos. 21, 22]. Petitioner did not respond to either Motion to Dismiss. The local rules of the Southern District of Texas permit a court to construe the failure to respond to an adverse party's motion as a representation of no opposition. LR 7.4. Despite the clear dictates of this local rule, the Fifth Circuit has directed that district courts, in instances where the motion in question is a dispositive motion, should nonetheless assure that the law supports the relief contemplated and not automatically grant a dispositive motion due to a lack of response.

The Court notes that the Defendants' Motions to Dismiss were originally filed on September 26, 2014 and December 19, 2014.. [Doc. Nos. 3, 13]. The Petitioner, well-aware of these Motions, asked the Court for leave to replead, which was granted. The Petitioner filed an Amended Petition on January 22, 2015. [Doc. No. 15]. Defendants then filed their Motions to Dismiss directed at the Amended Petition on February 2, 2015 and February 3, 2015. [Doc. Nos. 21, 22]. Thus, all sides have had adequate time to brief and argue their positions. The Petitioner—represented by two members of this Court's Bar—has certainly had more than sufficient time to address these issues, but has not. Consequently, this Court will proceed to review both motions.

The Court must dismiss a case where the plaintiff, or in this case the Petitioner, fails to establish subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In federal court, the burden of pleading jurisdiction is on the party seeking to invoke it. When it appears that subject matter jurisdiction is lacking, the case must be dismissed. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

The Court must dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) unless the complaint sets forth the factual grounds for which the plaintiff seeks relief—grounds which must rise above the level of mere speculation and upon which relief can be granted. *Cuvillier v. Taylor*, 303 F.3d 397, 401 (5th Cir. 2007).

III.    **The Motion to Dismiss Filed by the Texas Defendants**

The TDSHS argues that Petitioner's claim should be dismissed for several reasons. Its two primary arguments are: (1) this Court has no jurisdiction to proceed because Petitioner's claim is barred by the Eleventh Amendment; and (2) the Petitioner has not pleaded a cause of

action for which relief can be granted because the State of Texas, unlike the federal government, cannot make citizenship determinations. Both of TDSHS's arguments are correct.

### A.    Suit Against Texas Barred by the Eleventh Amendment

The Eleventh Amendment to the United States Constitution provides that "the judicial power of the United States shall not be construed to extend to any suit, in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State." U.S. Const. amend. VI. Thus, no individual can sue a State in federal court unless the State has waived its immunity. *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013). This immunity extends to state agencies and to any state officials sued in their official capacity. *Union Pac. R.R. Co. v. La. Pub. Serv. Comm'n.*, 662 F.3d 336, 340 n.3 (5th Cir. 2011). Texas has not waived its immunity for the Petitioner's claim.

Petitioner's claim in this case is clearly an attempt to abridge the protection afforded to all states by the Eleventh Amendment. He has not made an attempt to plead or any attempt to argue that the Eleventh Amendment should not apply. That being the case, the Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) is hereby granted.

### B.    Failure to State A Claim Upon Which Relief Can be Granted

In addition, the TDSHS contends that it does not have the power to, and has not attempted to, declare Petitioner a citizen of any country. The TDSHS's argument is correct: Only the federal government has the power to declare someone a citizen of the United States. Whether this argument is characterized as one challenging the Court's ability to order the relief sought—which would fall under Federal Rule of Civil Procedure 12(b)(6)—or as one

challenging the Petitioner's standing—which would fall under Rule 12(b)(1)—the law is clear that a plaintiff's claim must plead an injury that is "traceable to the defendant's behavior" and "likely to be redressed by a favorable ruling." *K.P. v. LeBlanc*, 729 F.3d 427, 436 (5th Cir. 2013). Here, the Petitioner's claim does neither.

The TDSHS does not in any form or fashion confer citizenship; nor does it have the power to recognize or deny citizenship. The federal government alone has the power to grant or deny citizenship. *Sanchez v. Clinton*, No. H-11-2084, 2012 WL 208565 (S.D. Tex. 2012). Even the existence of a valid state birth certificate is not a controlling factor. *Garcia v. Clinton*, 881 F. Supp. 807, 812 (S.D. Tex. 2012); *see also* 22 C.F.R. §§ 51.42, 51.44. This fact is confirmed by Petitioner's Amended Petition, wherein he cites to 8 U.S.C. § 1503 (which permits actions for declaratory relief against the <u>federal</u> government if a person "claims a right or privilege as a national of the United States and is denied such right or privilege") as the basis for his complaint. [Doc. No. 15]. Section 1503 does <u>not</u> provide for an action against states—clearly because neither a state agency nor a state official has the power to grant or deny a right or privilege of citizenship.

Consequently, even if this Court ordered the TDSHS to issue Petitioner a certified Texas birth certificate, neither the federal government nor this Court would be compelled to grant citizenship based upon that certified birth certificate. The United States Secretary of State retains the discretion to require whatever evidence he or she needs before granting citizenship. 22 C.F.R. §§ 51.42, 51.44.

Therefore, this Court grants a dismissal of Petitioner's claim against the TDSHS under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). This Court has no jurisdiction over this

Defendant and, even if it did, the Court cannot grant the relief Petitioner seeks from this Defendant.

**IV.   The Motion to Dismiss Filed by the Secretaries of State and Homeland Security and the United States**

The federal government Defendants have also filed a Motion to Dismiss. [Doc. No. 21]. First, they claim that no federal agency has denied Petitioner a right or privilege as a United States citizen.   Second, the federal defendants also allege that non-custodial issues cannot be raised through a habeas corpus petition.  The federal defendants are correct on both assertions.

Title 8 section 1503(a) provides means for individuals to seek redress for a deprivation of their rights or privileges as citizens of the United States if the deprivation was perpetrated by a "United States . . . department or independent agency or officer."   In this case, Petitioner complains that Texas' action with respect to a delayed birth certificate is the cause of his dilemma.  This Court has allowed the Petitioner time to replead in order to get his pleadings as precise as he can.  Despite this opportunity, Petitioner's Amended Complaint contains no cause of action of any kind against the United States or any of its officers, departments, or agencies. Consequently, Petitioner's complaints are dismissible under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Petitioner brings this action in the form of a habeas petition.  While he is certainly "in custody" for habeas purposes, his claim in this case has nothing to do with his custody or a condition of his confinement.  The mere fact that an individual is in federal custody does not entitle that individual to maintain a suit in federal court.  For a habeas corpus petition to be justifiable, it must be directed toward an individual's confinement or a condition thereof, and

Petitioner's Amended Petition does neither. "[T]he sole function of habeas corpus is to provide relief from [u]nlawful imprisonment or custody, and it cannot be used for any other purpose." *Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979) (citing authority).

## V.   <u>Conclusion</u>

The Court hereby dismisses Petitioner's suit. Petitioner's habeas petition, even when viewed "in the light most favorable" to him, does not properly invoke this Court's jurisdiction nor does it state a claim upon which this Court can grant relief. Therefore, this case is dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Defendants' Motions to Dismiss [Doc. Nos. 21, 22] are **GRANTED**. Defendants' prior Motions to Dismiss [Doc. Nos. 3, 13] are denied as moot.

Signed this 22nd day of July, 2015.

_____
Andrew S. Hanen
United States District Judge

7